# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TURNBOUGH, | Case No. 1:17-cv-01465-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| Y. HERNANDEZ, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff Roger Turnbough ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action under 42 U.S.C. § 1983 on October 24, 2017. (ECF No. 1.) The matter was transferred to this Court on October 31, 2017. (ECF No. 5.) On May 23, 2018, the Court screened Plaintiff's complaint and directed Plaintiff to either amend his complaint or notify the Court of his willingness to proceed only on the claims found cognizable. (ECF No. 10.) Plaintiff's first amended complaint, filed on June 11, 2018, is currently before the Court for screening. (ECF No. 11.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Golden State Modified Community Correctional Facility ("GSMCCF") located in McFarland, California, where the events in the complaint are alleged to have occurred.[1] Plaintiff names the following defendants: (1) Y. Hernandez, GSMCCF Correctional Officer; (2) George Zoley, CEO of GEO Corrections; (3) Scott Kernan, CDCR Secretary; and (4) Inmate Bailey. Plaintiff sues Defendant Zoley in his official and individual capacities.

Plaintiff alleges that on January 12, 2017, he was attacked and beaten into a state of unconsciousness by Inmate Bailey. Plaintiff further alleges that Officer Hernandez failed in her

---

[1] GSMCCF is a private prison operated by GEO Corrections and is under contract with the California Department of Corrections and Rehabilitation ("CDCR"). The United States Supreme Court has acknowledged that state prisoners might bring suit under § 1983 against privately owned correctional facilities. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 72 n. 5 (2001) ("[S]tate prisoners ... already enjoy a right of action against private correctional providers under 42 U.S.C. § 1983.") (emphasis omitted).

duties by calling code to the wrong dorm, which resulted in misdirection of support/security staff to the wrong side of the prison. This failure caused a delay and allowed Inmate Bailey to batter Plaintiff, causing loss of consciousness, brain trauma and loss of a tooth. Plaintiff further alleges that Officer Hernandez was at an arm's length from the assault, but did nothing to intercede. Plaintiff contends that she was trained to intercede in such situations, but she did not stop the fight.

Plaintiff further alleges that CEO Zoley is Officer Hernandez' commanding officer and responsible for the training of officers under his control. Plaintiff contends that CEO Zoley physically toured the prison in May/June 2017 and personally instructed staff, such as Officer Hernandez, on policies and procedures, and oversaw operations, including security of housing units where the assault occurred. Plaintiff contends that CEO Zoley failed to ensure that high custody level inmates (Level III), such as Bailey, be physically separated from low level inmates (Level I), such as Plaintiff. This asserted failure put Plaintiff in the way of an assault by failing to perform required acts. Plaintiff contends that CEO Zoley was aware of prison conditions when he inspected the institution and failed to amend the situation allowing Level III and Level I inmates to interact unrestricted in housing units.

Plaintiff asserts that Defendant Kernan is liable for his failure to properly administer control designation of the California Code of Regulations prohibiting housing of higher custody level inmates and thus considered more dangerous with inmates of lower levels and thus considered low risk and compliant inmates ready for or near release from prison. Plaintiff further contends that Defendant Kernan's failure to properly administer the custody designation of Inmate Bailey, who was a known physically violent convicted felon (and Level III inmate) and who subsequently attached and beat Corrections Officer Orosco on July 3, 2017, over a small dispute. Plaintiff alleges that Defendant Kernan's failure to separate Plaintiff from a higher security inmate subject Plaintiff to an assault and battery causing great bodily injury.

Plaintiff also alleges that Defendants Hernandez, Zoley and Kernan negligently failed to report the assault to the local district attorney for prosecution.

///

///

3

### III. Discussion

#### A. Supervisory Liability

Plaintiff is attempting to impose liability against Defendants Foley and Kernan based on their roles as supervisors, which he may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. Cty. of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty, of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff fails to adequately allege that Defendants Foley and Kernan directed the alleged violations of Plaintiff's rights or knew of the violations and failed to act to prevent them. There is no indication that Defendants Foley and Kernan knew of the security levels of either Inmate Bailey or Plaintiff or knew that Plaintiff was at risk of any harm from Inmate Bailey. There also is no indication that Defendants Foley and Kernan were responsible for assigning security levels to inmates or for making individual housing assignments at the prison. Although Plaintiff generally complains about inmates of differing security levels being housed together, Plaintiff has not adequately alleged that either Defendant Zoley or Defendant Kernan knew of the particular housing assignments at issue or knew that inmates with various security levels were being housed together at the time of Plaintiff's alleged assault. Additionally, Plaintiff fails to allege that Defendants Foley and Kernan implemented any deficient policy that itself was a repudiation of Plaintiff's rights and the moving force of any constitutional violation. That Plaintiff and Inmate Foley may have been assigned different security levels and housed together does not implicate any specific prison policy

4

implemented by defendants. Instead, Plaintiff's allegations suggest that CDCR policy may not have been followed by persons responsible for housing decisions at the prison. Plaintiff has been unable to cure the deficiencies in his claims against Defendants Foley and Kernan.

**B. Eighth Amendment – Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833–34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. To sufficiently state a failure to protect claim, a plaintiff must allege facts "to show that defendants knew of any threats to his safety or deviated from professional standards by disregarding known unsafe conditions." Cranford v. Ahlin, 610 Fed.Appx. 714, 714 (9th Cir. 2015).

At the pleading stage, Plaintiff states a cognizable failure to protect claim against Defendant Hernandez. Plaintiff not only alleges that Defendant Hernandez directed security to the wrong dorm, but also failed to take any other available measures to stop the assault while it was ongoing. However, Plaintiff does not state a cognizable Eighth Amendment claim against Defendants Foley and Sherman. There is no indication that these defendants were aware of any substantial risk of serious harm to Plaintiff at the hands of Inmate Bailey. At best, Plaintiff has suggested that Inmate Bailey attacked a correctional officer on another occasion, but there is nothing to indicate that he was a risk to Plaintiff or other prisoners prior to the alleged assault.

**C. Inmate Bailey**

Plaintiff attempts to assert a claim against Inmate Bailey. However, section 1983 only provides a cause of action against persons acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "[P]urely private conduct, no matter how wrongful, is not within the protective orbit

5

of section 1983." Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Further, conduct by a private citizen ordinarily would not be attributable to the state. George v. Edholm, 752 F.3d 1206, 1215 (9th Cir. 2014). However, private action may be attributed to state if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Id. (citations and internal quotations omitted). "Such a nexus may exist when, for instance, private action results from the State's exercise of coercive power or when the State provides significant encouragement, either overt or covert," to the private actor. Id. (citations and internal quotations omitted).

Plaintiff's amended complaint does not adequately allege that Inmate Bailey's conduct could fairly be attributable to the state. There is no indication that prison officials coerced, promoted or encouraged Inmate Bailey to assault Plaintiff.

### D. California Penal Code

Plaintiff cannot bring a claim for battery in violation California Penal Code 243(d). However, the penal code is a criminal statute and does not provide for a private right of action against defendants. "With rare, limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens." Lipsey v. Reddy, No. 1:17-cv-00569-LJO-BAM (PC), 2017 WL 4811723, at *4 (E.D. Cal. Oct. 24, 2017), report and recommendation adopted, No. 1:17-cv-00569-LJO- BAM (PC), 2017 WL 5070338 (E.D. Cal. Nov. 3, 2017); see also Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that Supreme Court rarely implies a private right of action under a criminal statute.) Therefore, Plaintiff is unable to bring a criminal action under § 1983 against any of the defendants for violation of the California Penal Code, and he fails to state a claim on that basis.

### E. State Law Claims

Insofar as Plaintiff has alleged state law claims for various forms of negligence by defendants, he has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the

cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

### IV.     Conclusion and Recommendation

The Court finds that Plaintiff has stated a cognizable claim against Defendant Hernandez for failure to protect in violation of the Eighth Amendment. However, Plaintiff has failed to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and further leave will not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action. Further, it is HEREBY RECOMMENDED as follows:

1.     This action proceed on Plaintiff's Eighth Amendment claim against Defendant Hernandez for the failure to intervene while Inmate Bailey was attacking Plaintiff as set forth in Plaintiff's first amended complaint filed on June 11, 2018; and

2.     All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2018**             /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE