# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TURNBOUGH, | Case No. 1:17-cv-01465-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| HERNANDEZ, et al, | |
| Defendants. | (ECF Nos. 15, 16) |
| | **THIRTY (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Roger Turnbough ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 16, 2018, the assigned District Judge ordered that this action proceed on Plaintiff's first amended complaint against Defendant Hernandez for failure to protect in violation of the Eighth Amendment.  (ECF No. 14.)

On October 18, 2018, the Court issued an order authorizing service of Plaintiff's complaint and forwarding service documents to Plaintiff for completion and return within thirty days.  (ECF No. 15.)  The Court expressly warned Plaintiff that failure to comply with the Court's order would result in dismissal of this action.  (Id. at 2.)  Following Plaintiff's failure to comply, on November 29, 2018, the Court issued an order for Plaintiff to submit completed service

1

documents for Defendant Hernandez, or to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 16.) Plaintiff was again warned that his failure to comply would result in dismissal of this action for failure to obey court orders and failure to prosecute. (Id. at 2.)

Also on November 29, 2018, the District Judge's October 16, 2018 order was returned as "Undeliverable, Unclaimed." Thereafter, the Court's service documents order was also returned as "Undeliverable, RTS, Unable to Forward," and the Court's order to show cause was returned as "Undeliverable, Unable to Forward." Plaintiff has not filed his completed service documents, a notice of change of address, or otherwise communicated with the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to Local Rule 183(b), Plaintiff's address change was due no later than January 31, 2019. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Id. at 1228–29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 12, 2019**  /s/ *Barbara A. McAuliffe*  
UNITED STATES MAGISTRATE JUDGE